IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD STEARN | : | NO. 07-323-01 |

ORDER

AND NOW, this 29th day of October 2015, upon consideration of Defendant's Pro Se Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines (Doc. No. 103) and the Government's response in opposition thereto (Doc. No. 105), it is hereby ORDERED that Defendant's motion is DENIED.

In October 2008, this Court sentenced Defendant Edward Stearn to a term of 360 months of imprisonment (J. in Criminal Case No. 07-323 at 1–2, Doc. No. 77), following his conviction in March 2008 of possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, possession with intent to distribute oxycodone, possession of a firearm in furtherance of a drug trafficking offense, possession of a firearm, and receipt of a firearm by a person under indictment (Jury Verdict Sheet 1–2, Doc. No. 60). Due to Defendant's criminal history, the Probation Office classified him as a career offender under U.S.S.G. § 4B1.1 and determined that his offense level was 37, with a guideline range of 420 months to life imprisonment. (See Tr. of Oct. 2, 2008 Sentencing Hr'g 10–11, Doc. No. 81.) This Court approved the recommended guideline range but granted a variance, ultimately imposing a total term of imprisonment of 360 months—60 months below the guideline range. (See Tr. of Oct. 2., 2008 Sentencing Hr'g 86–87.)

Pending before the Court is Defendant's motion for a reduction of his sentence. Defendant seeks a reduction to his sentence in light of Amendment 782's two-level reduction in

the base offense level for drug crimes under U.S.S.G. § 2D1.1.  (Def.'s Mot. 21, Doc. No. 103.)  The Government opposes this motion and argues that, because Defendant's underlying guideline range was set by the career offender guideline rather than by § 2D1.1, Amendment 782 does not apply to Defendant.  (Gov't Resp. to Def.'s Mot. 1, Doc. No. 105.)  We agree with the Government's position for the following reasons.

District courts generally may not modify a sentence once it has been imposed; however, "a defendant may be eligible for a reduction of sentence if the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and if 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013) (citing 18 U.S.C. § 3582(c)(2); United States v. Flemming, 617 F.3d 252, 257 (3d Cir. 2010)).  A sentence reduction is not authorized if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  The "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. 1(A).

Defendant was sentenced as a career offender under § 4B1.1.  His sentence was not based on § 2D1.1.  The unequivocal language of Amendment 782 establishes that the amendment does not affect the career offender guideline.  See U.S.S.G. Supp. App. C, Amend. 782.  Thus, Amendment 782 would not lower Defendant's applicable guideline range, and under § 1B1.10, a sentence reduction is impermissible. Moreover, when addressing similar retroactive amendments to the drug guidelines, the Third Circuit has clearly stated that amendments to the underlying offense guidelines do not lower the applicable guideline range for a defendant sentenced under

the career offender guidelines. See, e.g., United States v. Ware, 694 F.3d 527, 532 (3d Cir. 2012); United States v. Mateo, 560 F.3d 152, 154–55 (3d Cir. 2009).  The same reasoning would be applicable to Amendment 782.  As such, Defendant is ineligible for a sentence reduction.

    For the foregoing reasons, Defendant's motion for a reduction of his sentence is DENIED.

                              BY THE COURT:

                              /s/ Legrome D. Davis

                              Legrome D. Davis, J.